## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**KENDALL K. MAGEE**                                                                                       **PLAINTIFF**

**VS.**                                                                         **CIVIL ACTION NO. 3:19-CV-245-LRA**

**GLORIA PERRY, Chief Medical**
**Compliance Officer, Mississippi**
**Department of Corrections (MDOC),**
**Individually and in their Official**
**Capacities; NURSE LISSA COLLINS,**
**Medical Administrator/Practitioner,**
**Central Mississippi Correctional Facility,**
**CMCF, Individually and in their Official**
**Capacities; NURSE NINA WALTZER,**
**CMCF, Individually and in their Official**
**Capacities; and CHRISTINA**
**CHARCZENKO, CMCF, Individually**
**and in their Official Capacities**                                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## <u>DENYING MOTION FOR RECONSIDERATION</u>

This matter came before the Court on the Plaintiff's Motion for Reconsideration (Doc. #55). The Court granted the Defendants' Motion to Dismiss by a Memorandum Opinion and Order entered on March 27, 2020, and simultaneously entered a Final Judgment dismissing this action (Docs. #47 & #48). On April 29, 2020, Magee filed a Notice of Appeal in the Fifth Circuit Court of Appeals (Doc. #49). Magee filed his Motion for Reconsideration on May 29, 2020, or sixty-three days after the Final Judgment was entered.

The Federal Rules of Civil Procedure make no provision for a "motion for reconsideration." Instead, Rule 59 comprehends a motion to alter or amend a judgment, which must be filed within twenty-eight days after the entry of the judgment. Rule 60 permits a motion for relief from a final judgment, which must be filed within "a reasonable time" after the entry of

judgment.  If a motion for reconsideration is filed within twenty-eight days after the entry of judgment, it may be considered as a Rule 59 motion, while a motion for reconsideration filed later than that must be considered as a Rule 60 motion.  *Chestang v. Alcorn State Univ.*, No. 5:10cv67, 2011 WL 5593167 at *1 (S.D. Miss. Nov. 17, 2011).  Magee's Motion for Reconsideration must be considered as a Rule 60 motion.

Prior to filing his Motion, however, Magee filed a Notice of Appeal.  "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir.1995).  The Federal Rules of Appellate Procedure provide that, if a party files a notice of appeal before the lower court decides a Rule 59 motion, the effect of the motion on the notice of appeal is to, in essence, stay it pending the disposition of the Rule 59 motion.  Fed.R.App.P. 4(a)(4)(A) ("If a party files in the district court [a Rule 59 motion], and does so within the time allowed by those rules – the time to file an appeal runs for all parties from the entry of the order disposing of the . . . motion . . . .").  A Rule 60 motion has the same effect *if it is filed no later than 28 days after the entry of judgment.*  Fed. R. App.P. 4(a)(4)(A)(vi) [emphasis added].  Otherwise, while an appeal is pending, a litigant may *file* a Rule 60 motion.  *Hay v. Thaler*, 470 Fed.Appx. 411, 414 n.1 (5th Cir. 2012).  Once the notice of appeal has been filed, however, while the district court may *consider* or *deny* such a motion, it no longer, under most circumstances, has jurisdiction to grant it.  *Id*. at 949.  *Shepherd v. International Paper Co.,* 372 F.3d 326, 329 (5th Cir. 2004).

The Court has reviewed Magee's Motion, and, having done so, is of the opinion that it would not have granted relief regardless of when it was filed.  Even with the affidavit attached to

the Motion, Magee has offered no new evidence; he has not even offered a new argument. Instead, he continues to assert that he exhausted his remedies available through the Administrative Remedy Program because the response from prison officials was untimely. The Defendants have shown that MDOC's ARP procedures required that a grievance be submitted within thirty days of the injury complained of. Magee's failed to submit his grievance within thirty days of December 4, 2018 -- the date when he would have known that CMCF had failed to send him to the specialist, as had been recommended by the emergency room doctor. Thus, Magee's grievance was untimely in view of the internal guidelines, and he failed to properly exhaust his claim.

In addition, Magee failed to complete the requirements of the ARP before filing suit. The Supreme Court has made it clear that exhaustion is an absolute prerequisite and that the administrative remedies should be invoked in a timely manner and pursued to their conclusion. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The petitioner must have "pursue[d] the grievance remedy to conclusion"—substantial compliance with administrative procedures is not enough. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). No unexhausted claim may be considered by the Court. *Jones v. Bock*, 549 U.S. 199, 219-20 (2007). A prisoner must exhaust administrative remedies *prior to* filing suit; a response received from prison officials after suit is filed does not amount to exhaustion. *Rankin v. Pearson*, 612 F. App'x 204, 205-06 (5th Cir. 2015); *Smith v. Olsen*, 455 F. App'x 513, 515-16 (5th Cir. 2011).

Where the available remedy procedure has more than one step, a prisoner has not exhausted his remedies until he has completed each one. See *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019); *Dillon v. Rogers*, 596 F.3d 260, 265–66 (5th Cir. 2010). Under MDOC's grievance procedures, a prisoner, regardless of whether he disagrees with the First Step response,

and even if he receives no response at all, *must* proceed to the Second Step to exhaust his claim. As noted in *Woodford*, the Supreme Court found that the PLRA's exhaustion requirement means "proper" exhaustion, which requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." 548 U.S. at 83-84. at 218.  Accordingly, both the MDOC ARP's First and Second Step grievance process must be pursued in accordance with the established procedure before an inmate can be found to have exhausted his claims.

Even where ARP officials do not respond to a grievance at all, a prisoner is obliged to complete the process by appealing the First Step response.  *Wilson v. Epps*, 776 F.3d 296 (5th Cir. 2015).  In *Wilson*, the court held that a prisoner must pursue the grievance remedy to its conclusion and explained:  [I]t is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance." *Id*. at 301.  Similarly, even if the prisoner believes that an ARP administrator has misapprehended the nature of his grievance at the First Step, he must proceed to the Second Step to be entitled to sue.

Because Magee's Motion for Reconsideration was filed over twenty-eight after the entry of judgment, this Court is obliged to treat it as a motion filed pursuant to Fed.R.Civ.P. 60(b). Because Magee filed a Notice of Appeal before he filed his Motion for Reconsideration, this Court has no jurisdiction to grant relief.  Having considered the Motion, the Court is of the opinion that it would not have granted relief, in any event.  For all of these reasons, the Court has considered Magee's Motion and is of the opinion that it should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Kendall Magee's Motion for Reconsideration [Doc. #55] is hereby DENIED.

IT IS SO ORDERED, this the 28th day of September, 2020.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE